## IN THE UNITED STATES DISTRICT COURT
## FOR THE NORTHERN DISTRICT OF GEORGIA,
## ATLANTA DIVISION

| | |
|---|---|
| TRENT HENDERSON, individually and on behalf of a class of similarly situated individuals,<br><br>     *Plaintiff*,<br><br>v.<br><br>THE HOME DEPOT, INC., a Delaware corporation,<br>     *Defendant*. | Case No. |

## CLASS ACTION COMPLAINT AND DEMAND FOR JURY TRIAL

Plaintiff Trent Henderson ("Plaintiff" or "Henderson") brings this class action complaint against Defendant The Home Depot, Inc. ("Defendant" or "Home Depot") for its willful violations of the Fair Credit Reporting Act ("FCRA" or the "Act"), specifically its failure to provide proper disclosures to applicants and employees regarding its procurement of consumer reports about them, along with a copy of their consumer report and summary of their rights prior to taking any adverse employment action. Plaintiff, for his class action complaint, alleges as follows upon personal knowledge as to himself and his own acts and experiences,

and, as to all other matters, upon information and belief, including investigation conducted by his attorneys.

## NATURE OF THE CASE

1.     Enacted to promote the accuracy, fairness, and privacy of consumer information contained in the files of consumer reporting agencies, the FCRA explicitly acts to protect both employees and applicants for employment from adverse employment action taken as a result of potentially inaccurate information. To that end, employers who seek to obtain and use the consumer reports of their employees and applicants are required to provide explicit disclosures and information prior to obtaining consumer reports and prior to taking any adverse employment action against them.

2.     Here, Home Depot has willfully violated the FCRA by failing to provide standalone up-front notice that Home Depot may procure consumer reports about its applicants and employees and by failing to provide its applicants and employees with a copy of such report and a summary of FCRA rights before taking adverse against them.

3.     First, Home Depot does not provide its applicants with standalone notice that Home Depot may obtain a consumer report about them for employment

purposes. Section 1681b(b)(2) establishes that such notice must be made "in a document that consists solely of the disclosure."

4.      Home Depot provides an Applicant Confirmation. (*See* Applicant Confirmation, attached as Exhibit 1) to all applicants via its website. To the extent Home Depot provides any disclosure regarding the procurement of consumer reports, the disclosure does not stand alone, but rather is combined with unrelated information, including general information regarding Home Depot's at-will employment practices and rules and regulations, as well as its drug testing policy. This violates FCRA § 1681b(b)(2)(A)(i), which unambiguously states that the disclosure must be made "in a document that consists solely of the disclosure."

5.      In further violation of the FCRA, Home Depot fails to provide its applicants and employees with both a copy of their consumer report and a description of their rights under the FCRA before taking adverse employment action against them, where the adverse action is based in whole or in part on the consumer report. *See* 15 U.S.C. § 1681b(b)(3).

6.      As a result of Home Depot's willful violations of the Act, job seekers, such as Plaintiff Henderson, and employees are deprived of rights, including privacy rights guaranteed to them by federal law, and are thus entitled to statutory

damages of at least $100 and not more than $1,000 for each violation. *See* 15 U.S.C. § 1681n(a)(1)(A).

## PARTIES

7.      Plaintiff Trent Henderson is a natural person and citizen of the State of Texas. He resides in Houston, Texas.

8.      Defendant Home Depot is a corporation incorporated in and existing under the laws of the State of Delaware with its principal place of business located at 2455 Paces Ferry Road Southeast, Atlanta, Georgia 30339. Defendant Home Depot does business in this District, throughout the State of Georgia, and nationwide.

## JURISDICTION AND VENUE

9.      This Court has subject matter jurisdiction under 28 U.S.C. § 1331 because this action arises under the Fair Credit Reporting Act, 15 U.S.C. § 1681 *et seq*., which is a federal statute.

10.      This Court has personal jurisdiction over Defendant because it conducts business in this District, is headquartered and registered to do business in this District, and the unlawful conduct alleged in the Complaint occurred in, was directed to, and/or emanated from this District.

11.      Venue is proper in this District under 28 U.S.C. § 1391 because

Defendant is headquartered in in this District, and Plaintiff's claims arose in substantial part out of corporate actions and policies that were decided upon within this District and which have emanated from this District.

## FACTS COMMON TO ALL COUNTS

12.     Home Depot is the largest retailer of home improvement and construction products and services in the United States.

13.     Defendant employs more than 300,000 people and operates over 2,000 retail stores in North America—including in all fifty states in the United States.

14.     During its online job application process, Home Depot asks applicants to acknowledge and electronically agree to the following section:

APPLICANT CONFIRMATION

Applicant hereby certifies that the answers to the foregoing questions are true and correct. I agree if the information is found to be false in any respect, including omission of information, I will be subject to dismissal without notice. I authorize you to investigate all information in this application. I hereby authorize my former employers to release information pertaining to my work records, habits and performance. I understand that additional background investigation may be necessary for certain positions. I understand that all future communications related to the hiring process will be conducted in English. Should I become an employee of The Home Depot, I understand that my employment will be for no definite term, and that I will have the right to terminate my employment at any time, at my convenience, with or without cause or reason. I further understand that The Home Depot will have the same right. I understand that I am expected to comply

with all Company rules and regulations, but that such rules do not create a contract between me and the Company. I understand and agree that any handbooks I receive will not constitute an employment contract, but will be a statement of the Company's current policies. I understand that before any offer of employment is finalized, I will be required to submit to a urine drug screen and a background check. The drug screen will be conducted at a Company-selected facility, at the Company's expense. If the test results demonstrate the presence of illegal drugs or non-prescribed controlled substances, I understand that I will not be permitted to commence work for the Company, or I will be terminated if I have already commenced work.

15.     As each and every person completing Defendant's online application is faced with the same prompt, thousands of people (if not more) have had their disclosure rights under the FCRA willfully violated. Home Depot does not use the term consumer report, or make reference to items contained within a consumer report, or otherwise inform its applicants that it may seek personal information from a consumer reporting agency.

16.     Home Depot's disclosure is also found in the same section of the application as (i) an authorization that the applicant understands the consequences of providing untrue information, (ii) an authorization that information concerning previous employment can be released, and (iii) an indication of understanding as to Home Depot's policies regarding at-will employment, its handbook rules and regulations, and drug testing.

17.     Such a disclosure—combined with such a plethora of other information—violates 15 U.S.C. § 1681b(b)(2)(A)(i)'s requirement that Home Depot provide notice to applicants and employees in a "clear and conspicuous disclosure . . . in a document that consists solely of the disclosure."

18.     Home Depot further violates the FCRA by taking adverse employment action against applicants and employees based on information contained within their consumer reports without first providing the written materials required under 15 U.S.C. § 1681b(b)(3). Specifically, Home Depot fails to provide its applicants or employees with copies of the consumer reports it obtains about them, together with a description of the applicants' or employees' rights under the FCRA, *before* taking adverse action—such as refusing to offer or terminating employment—against the applicants or employees.

## FACTS RELATING TO PLAINTIFF HENDERSON

19.     Plaintiff Trent Henderson submitted an online application for a job at Home Depot in Houston, Texas, in or around mid-February 2014.

20.     The job sought was not one that is regulated by the Department of Transportation.

21.     On his application, Henderson was required to and did in fact disclose information about himself and his work history.

22.     After Plaintiff finished filling out his application, he was presented with a page entitled "Applicant Confirmation." To complete his application, Henderson was required to signify his agreement to the terms and disclosures outlined on the Applicant Confirmation page by clicking the "I Agree" button located at the bottom of the page. (*See* Ex. 1.)

23.     Henderson clicked on the "I Agree" button and submitted his application.

24.     Shortly thereafter, Henderson was contacted by Home Depot and asked to come in for an interview.

25.     After completing the interview, Henderson was asked to submit to a drug test.

26.     Henderson completed the drug test as instructed.

27.     Home Depot obtains consumer reports about applicants, including Henderson, at approximately the same time it requires applicants to complete drug tests.

28.     A short time later, a representative for Home Depot called Henderson on the telephone and notified him that he would not be receiving an offer of employment due to his background.

29.     On information and belief, Home Depot caused a consumer report about Plaintiff to be procured as part of his application and interview process.

30.     In or around March 2014 Home Depot took adverse employment action—refusing to hire Henderson—based upon information related to his background that, on information and belief, Home Depot obtained through the consumer report it procured related to Plaintiff.

31.     On or about May 5, 2014, Plaintiff, through his attorneys, sent a letter to Home Depot's General Counsel requesting information related to Plaintiff's file, including a copy of any background report procured in relation to Plaintiff. As of the date of the filing of this Complaint, Home Depot has not responded to Plaintiff's letter.

32.     Home Depot did not provide Henderson with a copy of any consumer report that Home Depot had obtained or a written description of his rights under the FCRA, whether prior to or after notifying him of its decision not to hire him.

33.     Because of the unlawful disclosure found in the online application that Plaintiff completed, as well as the adverse employment action taken against Plaintiff based upon his consumer report, Home Depot has willfully denied Plaintiff the rights guaranteed to him by the FCRA. Such a denial entitles him to statutory damages of not less than $100 and not more than $1,000.

## CLASS ACTION ALLEGATIONS

34.    Plaintiff brings this action pursuant to Federal Rule of Civil Procedure

23(b)(2) and Rule 23(b)(3) on behalf of himself and Classes defined as follows:

> **Disclosure Class**: All persons in the United States who (1) applied
> for employment with Defendant on or after July 3, 2012; (2) who
> were subject to a consumer report procured by Defendant; and (3)
> who were provided a disclosure regarding the possibility of consumer
> report procurement that was not contained in a document consisting
> solely of the disclosure.

> **Adverse Action Class**: All persons in the United States who (1) were
> subject to adverse employment action on or after July 3, 2012 based
> in whole or in part on any consumer report procured by Defendant;
> and (2) to whom Defendant did not provide either or both of the
> written materials required under 15 U.S.C. § 1681b(b)(3) prior to
> Defendant taking adverse action against them.

35.    **Numerosity**:  The exact number of the members of the Classes is

unknown and not available to the Plaintiff, but it is clear that individual joinder is

impracticable. Defendant has thousands of employees and likely thousands of

applicants were shown Home Depot's unlawful disclosure during the Class period.

Likewise, hundreds if not thousands of applicants and employees had adverse

action taken against them prior to being shown any copy of the consumer report

Home Depot procured about them.

36.    **Commonality & Predominance**: There are several questions of law

and fact common to the claims of Plaintiff and the Classes for which this

proceeding, specifically as a class action, will provide common answers. Furthermore, these questions predominate over any questions that may affect only individual members of the Classes. Common questions for the Classes include, but are not limited to the following:

(a)   whether Defendant's conduct described herein violated the FCRA;

(b)   whether Defendant has procured or caused to be procured consumer reports to investigate prospective employees;

(c)   whether Defendant has willfully failed to provide Class members with their legally-protected rights related to consumer report disclosures;

(d)   whether Defendant willfully violated the Act by failing to provide applicants with clear and conspicuous notice that it may obtain a consumer report for the applicants;

(e)   whether Defendant willfully violated the Act by failing to provide its FCRA disclosures in a document that consists solely of the disclosures;

(f)   whether Defendant has taken adverse employment action based upon information contained within an applicant's or employee's consumer report without providing a copy of such report to the applicant or employee;

(g)   whether Defendant has taken adverse employment action based upon information contained within an applicant's or employee's consumer report

without providing the applicant or employee with a written description of

their rights under 15 U.S.C. § 1681; and

(h)   the proper measure of statutory damages and the availability and

appropriateness of declaratory and injunctive relief.

37.   **Typicality**: Plaintiff's claims are typical of the claims of other

members of the Classes, as Plaintiff and other members of the Classes suffered the

same type of harm and sustained similar damages arising out of essentially the

same unlawful conduct of Home Depot's willful failure to abide by the FCRA.

38.   **Adequate Representation**: Plaintiff will fairly and adequately

represent and protect the interests of the Classes, and has retained counsel

competent and experienced in complex class actions. Plaintiff has no interest

antagonistic to those of the Classes, and Defendant has no defenses unique to the

Plaintiff.

39.   **Superiority and Manageability**: This class action is appropriate for

certification because class proceedings are superior to all other available methods

for the fair and efficient adjudication of this controversy, since joinder of all parties

is impracticable. The damages suffered by the individual members of the Classes

will likely be relatively small, especially given the burden and expense of

individual prosecution of the complex litigation necessitated by the actions of

Defendant. It would be virtually impossible for the individual members of the Classes to obtain effective relief from Defendant's misconduct. Even if members of the Classes could sustain such individual litigation, it would still not be preferable to a class action, because individual litigation would increase the delay and expense to all parties due to the complex legal and factual controversies presented in this Complaint. By contrast, a class action presents far fewer management difficulties and provides the benefits of single adjudication, economy of scale, and comprehensive supervision by a single Court. Economies of time, effort, and expense will be fostered and uniformity of decisions ensured.

## COUNT I
### Violation of 15 U.S.C. § 1681b(b)(2)(A)(i)
### (On Behalf of Plaintiff and the Disclosure Class)

40.     Plaintiff incorporates by reference the foregoing allegations as if fully set forth herein.

41.     The FCRA declares that:

Except as provided in subparagraph (B), a person may not procure a consumer report, or cause a consumer report to be procured, for employment purposes with respect to any consumer, unless—

(i) a clear and conspicuous disclosure has been made in writing  to the consumer at any time before the report is procured or caused to be procured, in a document that consists solely of the disclosure, that a consumer report may be obtained for employment purposes . . . .

15 U.S.C. § 1681b(b)(2)(A) (emphasis added).

13

42.    The FCRA defines a consumer report as:

. . . any written, oral, or other communication of any information by a consumer reporting agency bearing on a consumers' credit worthiness, credit standing, credit capacity, character, general reputation, personal characteristics, or mode of living which is used or excepted to be used or collected in whole or in part for the purpose of serving as a factor establishing the consumer's eligibility for . . .

(B) employment purposes . . . .

15 U.S.C. § 1681a(d)(1).

43.    The consumer report disclosure that Home Depot provided to Plaintiff and the putative Disclosure Class members as part of the application process willfully violates the FCRA in at least the following ways:

(i)    the disclosure requires the applicant to authorize, confirm, and/or certify several matters that are extraneous to any authorization related to Home Depot's procurement of a consumer report, and therefore the disclosure does not standalone or consist <u>solely</u> of the disclosure that Home Depot may obtain a consumer report and accompanying authorization. For example, the disclosures asks the applicant to:

(a)    certify that his or her answers to the foregoing questions are true and correct;

(b)     agree that if the information provided by the applicant is found to be false, the applicant may be subject to dismissal without notice;

(c)     authorize former employers to release information pertaining to the applicant's work record, habits, and performance;

(d)     confirm his or her understanding that the hiring process will be conducted in English;

(e)     confirm his or her understanding that, if hired, his or her employment will be for not definite time and the Home Depot has the right to terminate employment with or without cause;

(f)     confirm his or her understanding that, if hired, he or she has the right to terminate the employment at any time;

(g)     confirm his or her understanding that he or she must comply with all Company rules and regulations, that the rules and regulations do not constitute a contract between the employee-applicant and Home Depot, and that the employee will receive a handbook that is a statement of the Company's current policies;

(h)     confirm his or her understanding that, before any offer for employment is finalized, the employee will be required to submit to a drug test and that if the results test positive for illegal drugs, the applicant will not be hired or, if already an employee, will be terminated. (*See* Ex. 1.)

44.     Home Depot procures consumer reports with respect to its job applicants, including, on information and belief, with respect to Plaintiff Henderson.

45.     Home Depot's violation of 15 U.S.C. § 1681b(b)(2)(A)(i) was willful for at least the following reasons:

(i)     The rule that FRCA disclosures be "clear and conspicuous" and part of a document consisting "solely" of that disclosure has been the law established for well over a decade.

(ii)     Home Depot is a large corporation with in-house counsel and regularly engages outside counsel—it had ample means and opportunity to seek legal advice regarding its FCRA responsibilities.

(iii)     Clear judicial and administrative guidance—dating back to at least the 1990s—regarding a corporation's FCRA responsibilities exists and is readily available explaining that such disclosures must stand-alone. This readily-

available guidance means Home Depot either was aware of its responsibilities or plainly should have been aware of its responsibilities but ignored them and violated the FCRA anyway.

46.     Plaintiff and the Disclosure Class are entitled to statutory damages of not less than $100 and not more than $1,000 for each of Home Depot's willful violations pursuant to 15 U.S.C. § 1681n(a)(1)(A).

47.     Accordingly, under the FCRA, Plaintiff and the Disclosure Class seek statutory damages, reasonable cost and attorneys' fees, an injunction against further violations, and a declaration that Defendant's conduct is unlawful.

**COUNT II**
**Violation of 15 U.S.C. § 1681b(b)(3)(A)**
**(On Behalf of Plaintiff and the Adverse Action Class)**

48.     Plaintiff incorporates by reference the foregoing allegations as if fully set forth herein.

49.     The FCRA provides that:

(3) Conditions on use for adverse actions.

(A) In General. Except as provided in subparagraph (b), in using a consumer report for employment purposes, *before* taking any adverse action based in whole or in part on the report, the person intending to take such adverse action shall provide to the consumer to whom the report relates—

(i)     a copy of the report; and

17

> (ii)    a description in writing of the rights of the consumer under this subchapter, as prescribed by the Bureau under section 1681g(c)(3) of this title.

*See* 15 U.S.C. 1681b(b)(3) (Emphasis added).

50.    The FCRA defines adverse action as "a denial of employment or any other decision for employment purposes that adversely affects any current or prospective employee." 15 U.S.C. § 1681a(k)(1)(B)(ii).

51.    Defendant violated Section 1681b(b)(3)(A) of the FCRA by failing to provide Plaintiff and members of the Adverse Action Class with a copy of their consumer report and/or a description of their rights under the FCRA before taking adverse employment action against them.

52.    Defendant informed Plaintiff that it was declining to give Plaintiff an offer of employment—an adverse employment action. On information and belief, Home Depot procured a consumer report about Plaintiff, but, in violation of § 1681b(b)(3)(A), Defendant willfully failed to provide Plaintiff with his consumer report and a written description of his rights before taking such adverse action.

53.    Home Depot's violation of 15 U.S.C. § 1681b(b)(3)(A) was willful for at least the following reasons:

(i)     The rule that copies of the report relied upon and a summary of FCRA rights must be sent to a person whom an adverse action will be taken against is well established.

(ii)    Home Depot is a large corporation with in-house counsel and regularly engages outside counsel—it had ample means and opportunity to seek legal advice regarding its FCRA responsibilities.

(iii)   There is a glut of judicial and administrative guidance—dating back to the 1990's—regarding a corporation's FCRA responsibilities. This readily-available guidance means Home Depot either was aware of its responsibilities or should have been aware of its responsibilities, but violated the FCRA anyway.

54.    Plaintiff and the Adverse Action Class are entitled to statutory damages of not less than $100 and not more than $1,000 for each of Home Depot's willful violations pursuant to 15 U.S.C. § 1681n(a)(1)(A).

55.    Accordingly, under the FCRA, Plaintiff and the Adverse Action Class seek statutory damages, reasonable cost and attorneys' fees, an injunction against further violations, and a declaration that Defendant's conduct is unlawful.

## PRAYER FOR RELIEF

WHEREFORE, Plaintiff Trent Henderson, individually and on behalf of the

Classes, prays for the following relief:

A.     An order certifying the Class as defined above, appointing Plaintiff

Trent Henderson as the representative of the Classes, and appointing

his counsel as Class Counsel;

B.     An award of statutory damages on Counts I and II in the amount of

$1000 for each violation;

C.     An injunction requiring Defendant to provide proper disclosures and

information as required under 15 U.S.C. §§ 1681b(b)(2) and

1681b(b)(3);

D.     Declaratory relief stating that Defendant's conduct violates the FCRA;

E.     An award of reasonable attorneys' fees and costs; and

F.     Such further and other relief as the Court deems reasonable and just.


Dated: July 3, 2014                    Respectfully submitted,

                                       **TRENT HENDERSON**, individually and
                                       on behalf of all others similarly situated,

                                       /s/Jennifer Auer Jordan
                                         One of Plaintiff's Attorneys

Jennifer Auer Jordan
Ga. Bar No. 027857
jennifer@thejordanfirm.com
THE JORDAN FIRM, LLC
1447 Peachtree Street, N.E., Suite 880
Atlanta, Georgia 30309
Tel: 404.445.8400
Fax: 404.445.8477

*Attorneys for Plaintiff and the Putative Class*

## <u>LOCAL RULE 5.1 CERTIFICATION</u>

I, Jennifer Auer Jordan, hereby certify that on July 3, 2014, I filed the above and foregoing ***Class Action Complaint and Demand for Jury Trial*** with the Clerk of the Court and that such paper complies with Local Rule 5.1 and was prepared using a typeface of 14 points in Times New Roman.

/s/ Jennifer Auer Jordan
Jennifer Auer Jordan
